UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMMEL ANTONIO SEQUERA VIVAS,

     Petitioner,

v.

                                      Case No. 26-cv-11492
                                      HON. MARK A. GOLDSMITH

DIRECTOR OF THE NORTH LAKE
PROCESSING CENTER, et al.,

     Respondents.

_____/

## **ORDER TRANSFERRING PETITION**

Petitioner Rommell Antonio Sequera Vivas filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention at the North Lake Correctional Facility in Baldwin, Michigan.  (Dkt. 1).  Petitioner maintains that the immigration court denied him a bond and he is being detained improperly.  Id. at ¶ 6(c).

The North Lake Processing Center where Petitioner is confined is located in Baldwin, Michigan.  Baldwin, Michigan is within the Western District of Michigan.  See 28 U.S.C. § 102(b)(1).

"A petition for habeas corpus under § 2241 [is to] be filed in the district court having jurisdiction over the petitioner's custodian," In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999); see also 28 U.S.C. § 2242 (suggesting that the application should be made "to the district court of the district in which the applicant is held").  In Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004), the Supreme Court explained, "with respect to habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the district of confinement." (punctuation modified).

Accordingly, the case must be transferred to the Western District of Michigan.  As the Court recently explained in <u>Cid-Barrios v. Raycraft</u>, 814 F. Supp. 3d 839, 847 (E.D. Mich. 2025):

> Allowing the petitioner to proceed with his habeas petition in this district would contravene the dictates of <u>Padilla</u> in two respects: it would require the Court to issue a writ to produce a detainee outside the district of confinement; and it would trench upon the concept that jurisdiction to issue the writ lies in only one district.

<u>Cid-Barrios v. Raycraft</u>, 814 F. Supp. 3d 839, 847 (E.D. Mich. 2025) (punctuation modified).

The Clerk of the Court is ordered to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as to the merits of the habeas petition (Dkt. 1), the application to proceed in forma pauperis (Dkt. 2), or Petitioner's motion to appoint counsel (Dkt. 3).

**SO ORDERED.**

Dated: May 14, 2026                              s/Mark A. Goldsmith
Detroit, Michigan                                MARK A. GOLDSMITH
                                                 United States District Judge

2